UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| KATY SIMPSON, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5:18-cv-00573-JMH |
| v. | ) ) | |
| HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court upon the Motion to Dismiss or, in the Alternative, Stay and Compel Arbitration [DE 8] filed by Defendant Hitachi Automotive Systems Americas, Inc. ("Hitachi"). [Response at DE 9; Reply at DE 10.]

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, generally applies to "a contract evidencing a transaction involving commerce to settle [a controversy] by arbitration" and renders mandatory arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA expresses a strong policy preference favoring arbitration. *See Mazera v. Varsity Ford Management Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (citing *Circuit City Stores, Inc. v. Adams*,

1

532 U.S. 105, 111 (1985)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (establishing that, as a matter of preemptive federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability); "[A]greements to arbitrate employment disputes as a condition of employment are generally enforceable under the FAA." *See, e.g. Shadeh v. Circuit City Stores, Inc.*, 334 F. Supp.2d 938, 940 (W.D. Ky. 2004) (upholding the parties' arbitration agreement); *Braxton*, 1 F. Supp.3d at 728 (dismissing case pursuant to arbitration agreement even though plaintiffs did not even sign the agreement); *Anderson v. Luxury Imports of Bowling Green*, Case No. 1:15-CV-00040-GNS, 2015 WL 5680455, at *2-5 (W.D. Ky. Sept. 25, 2015) (easily concluding the company's standard arbitration agreement was enforceable absent no evidence questioning validity).

Any Kentucky statutory authority attempting to preempt the FAA gives way to the federal statute under the Supremacy Clause. *See Vossberg v. Caritas Health Services, Inc.*, No. 2004-CA-000294-MR, 2005 WL 497255, *2 (Ky. App. Mar. 4, 2005) (holding that while "Kentucky law does not favor arbitration in the

context of employment disputes . . . . this matter has been pre-empted by the Federal Arbitration Act.").

It is undisputed that the parties to this matter signed a Mutual Agreement to Arbitrate Disputes that Plaintiff, and that Plaintiff signed Hitachi's Dispute Resolution Procedure. The Court agrees with Hitachi that the Agreement and Dispute Resolution Procedure controls in this matter. The Court rejects Plaintiff's argument that the agreement is unenforceable because the potential for large arbitration costs and fees could deter potential litigants from seeking the vindication of their rights in arbitration because, in this instance, the agreement provides that "[Hitachi] agrees to bear the reasonable expenses of the mediation and the arbitration," and defines "[t]he expenses of the mediation or the arbitration . . . [as] the expenses of the Mediator and the Arbitrator (such as daily fee and travel) and filing fee. . . ."

While it explicitly excludes "the Parties' respective attorneys' fees and disbursements, expenses of witnesses and costs of producing other evidence," that is no difference between the situation under the agreement and the costs Simpson would likely face in the judicial forum, subject to an agreement reached with her counsel in that setting. Further, the Dispute Resolution Procedure specifically provides the arbitrator with

the authority to award either party any remedies to which such party would be entitled under applicable statues or laws, including back pay, reinstatement, actual damages, punitive damages, reasonable attorneys' fees and costs, and any other remedies available under applicable laws. (See Sections 14, 16, and 17 of the Dispute Resolution Procedure at Exhibit 1 to Tab A of Defendant's Memorandum). Further, this Court has recognized that a plaintiff may still be entitled to recover her reasonable attorney's fees and expert fees from the defendant in a Title VII case such as this one if she prevails. *See, e.g., Jones v. Smith-McKenney Co., Inc.*, Civil Action No. 3:05-CV-62-JMH, 2006 WL 1206368 (E.D. Ky. Apr. 28, 2006) (holding that, in a Title VII case a prevailing party may be awarded such fees).

Accordingly, **IT IS ORDERED:**

(1) That Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**;

(2) That Plaintiff Katy Simpson is **COMPELLED** to submit her claims to arbitration according to the terms of her agreement;

(3) that this proceeding is **STAYED** until the conclusion of the arbitration or further order of the Court;

(4) that the parties shall **submit a joint status report** concerning this matter in the record every **three months** until

such time as arbitration is completed or it is determined that this matter is otherwise concluded.

This the 17th of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge